Peter L. Carr, IV (256104)
  Pcarr@siascarr.com
Jason O. Sias (279196)
  Jsias@siascarr.com
**SIAS | CARR LLP**
3756 Santa Rosalia Dr., Suite 326
Los Angeles, CA 90008
Telephone:   (310) 400-5890
Facsimile:    (310) 400-5895

Counsel for Plaintiff,
**SANTIAGO DIAZ**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO DIAZ, individually, | Case No.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR:** |
| vs. | |
| CITY OF LOS ANGELES; and DOES 1 through 50 inclusive, | 1. **VIOLATION OF CIVIL RIGHTS, EXCESSIVE FORCE, DUE PROCESS DEPRIVATIONS 42 U.S.C. § 1983** |
| Defendants. | 2. **UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983** |

Plaintiff, SANTIAGO DIAZ, complains of defendants CITY OF LOS
ANGELES and Does 1 through 50, inclusive, as follows:

## INTRODUCTION

1.     This civil rights action seeks general, special, and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the furious and provoked beating of SANTIAGO DIAZ.

## VENUE AND JURISDICTION

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988. State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the CITY OF LOS ANGELES, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

3.     At all times relevant in this Complaint, Plaintiff, SANTIAGO DIAZ (hereinafter "PLAINTIFF"), was and is a resident of the State of California, County of Los Angeles.

4.     At all times relevant herein, Defendant CITY OF LOS ANGELES (hereinafter referred to as "CITY") is, and at all times in this Complaint was, an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles Police Department (hereinafter referred to as "LAPD") and its tactics, methods, practices, customs and usages.

5.     Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 50, inclusive, and each of them, are not now

known to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

6.    Defendants, and each of them, acted under color of law and did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

## FACTS COMMON TO ALL COUNTS

7.    Plaintiff, SANTIAGO DIAZ, realleges each and every allegation in paragraphs 1 through 6 of this Complaint with the same force and effect as if fully set forth herein.

8.    On or about October 2, 2015, at approximately 9:00 am, Plaintiff exited his apartment complex located at 520 San Julian Street, Los Angeles, CA 90013 headed to a doctor's appointment.

9.    When he exited his building, plaintiff noticed that the CITY was cleaning the sidewalks so he started walking in the street.

10.    While walking south on San Julian Street, plaintiff was stopped by an officer on 6th Street, DOE OFFICER #1, who informed him that another officer on 5th Street was calling him.  When he stopped to speak with the officer on 5th Street, DOE OFFICER #2, the officer asked for his name, his residence and an explanation as to why he was walking in the street.  Plaintiff answered the questions and explained that he was headed to the doctor.

11.    The DOE OFFICER #2 told plaintiff to get on the sidewalk and, upon information and belief, started running plaintiff's name for warrants.  Plaintiff informed the officer that he did not have any warrants and the officer began to pushing him and told him to put his hands behind his back.

12.    When plaintiff inquired why he was being asked to put his arms behind his back, DOE OFFICERS #1 and #2 began grabbing plaintiff, pushed him to

the ground and tazed plaintiff.  One of the officers called for assistance with their walkie talkie.

13.     Soon thereafter, several other DOE OFFICERS arrived at the scene and began beating and tazing plaintiff.

14.     While plaintiff laid helplessly in a pool of water, the DOE OFFICERS tazed and stomped ad kicked plaintiff, all the while making disparaging comments.  After the beating, plaintiff was thrown in a police car and taken to the jail station.

15.     DOE OFFICERS, individually and as CITY officers, while acting in the course and scope of their employment with CITY, unlawfully detained, searched and assaulted plaintiff without having probable cause to believe that plaintiff had committed a crime, or would commit a crime in the future.

16.     As a result of the encounter, plaintiff suffered multiple injuries, including, but not limited to multiple contusions and lacerations to his face, memory loss and emotional trauma.

## FIRST CAUSE OF ACTION
### (VIOLATION OF CIVIL RIGHTS, EXCESSIVE FORCE, DUE PROCESS DEPRIVATIONS (42 U.S.C. § 1983)
### (By Plaintiff Against All Individual Defendants)

17.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 16of this Complaint, and by this reference incorporates the same herein and makes each a part thereof.

18.     Both prior to and during the time in which DOE OFFICERS unlawfully detained, searched and assaulted SANTIAGO DIAZ, plaintiff had not committed any crime nor did the DOE OFFICERS suspect that plaintiff had committed a crime.  Nor were the DOE OFFICERS faced with any circumstances that would have led a reasonable officer to believe that plaintiff would commit a crime or that he had committed a crime.

19.     Both prior to and during the time in which defendant DOE OFFICERS unlawfully detained and searched SANTIAGO DIAZ, plaintiff did not consent to his detention nor the search of his person. Moreover, plaintiff acted within his legal right to utilize the public streets as he is a citizen of the United States of America and a California resident.

20.     This action at law for money damages arises under Title 42 U.S.C § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the Unites States Constitution.

21.     Commencing at or about the aforementioned date and place, without cause, authority or justification, and acting under color of law, the individual Defendants and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

22.     Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of rights against unreasonable seizures, abuse, battery, due process of law and liberty interests secured thereby, and freedom from groundless criminal accusations.

23.     As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained degradation, physical injuries, anxiety and emotional distress.

24.     In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff suffered special and general damages in an amount as proved.

25.     By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted

and liable for attorney's fees.

26.     The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious and deliberate disregard of Plaintiffs constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in an amount as proved.

### SECOND CAUSE OF ACTION
### UNLAWFUL CUSTOM AND PRACTICE (42 U.S.C. § 1983)
### (By Plaintiff Against Defendant CITY)

27.     Plaintiff refers to and repleads each and every allegation contained in paragraphs 1-26 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

28.     Defendant CITY, is and at all times herein mentioned, has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LAPD and its tactics, methods practices, customs and usages.

29.     At all times herein mentioned, Defendants and each of them, were employees acting under the CITY and LAPD's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace deputies who have demonstrated their brutality,

dishonesty, and numerous other serious abuses of their powers as peace deputies in the employment of the CITY.

30.     The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendant CITY and LAPD include, but are not limited to:

    a.     Defendant CITY and LAPD had knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful battery, dishonesty and improper tactics, and corruption by LAPD employees, including the individual defendants herein, and refused, with deliberate indifference, to enforce established administrative procedures to insure public safety, protection of citizens rights and the Plaintiffs liberty interests;

    b.     Defendant CITY and LAPD refused to adequately discipline individual employees found to have committed similar acts of dishonesty and misconduct;

    c.     Defendant CITY and LAPD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by CITY and LAPD employees;

    d.     Defendant CITY and LAPD reprimanded, threatened, intimidated, demoted and fired employees who reported acts of abuse by other COLA and LASD employees;

    e.     Defendant CITY and LAPD covered up acts of misconduct and abuse by CITY and LAPD employees and sanctioned a code of silence by and among LAPD officers;

    f.     Defendant CITY and LAPD failed to adequately supervise the actions of employees under its control;

    g.     Defendant CITY and LAPD condoned and participated in the practice of prosecuting groundless criminal charges for the purpose of insulating the CITY and LAPD employees from civil liability and reducing or

dismissing criminal charges against individuals in return for releasing them from civil liability;

h.      Defendant CITY and LAPD tacitly condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct;

i.      Defendant CITY and LAPD tacitly condones and encourages use of excess force on citizens;

j.      Defendant CITY and LAPD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by October 5, 2014, and thereafter, represented the unconstitutional policies, practices and customs of the CITY and LAPD.

31.     By reason of the aforesaid policies, customs, practices and usages, Plaintiffs First, Fourth and Fourteenth Amendments to the United States Constitution were violated.

## **PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

1.      For compensatory (or general) damages in an amount to be proven at trial;

2.      For punitive damages against the individual defendants in an amount to be proven at trial;

3.      For prejudgment interest;

4.      For an award of general and special damages in the amount to be proven at trial;

5.      For reasonable costs of this suit incurred herein;

6.      For reasonable attorney's fees pursuant to 42 U.S.C. § 1983 and costs as provided by law;

7.      For such further other relief as the Court may deem just, proper and appropriate.

Dated:, May 31, 2017

**SIAS | CARR LLP**

Respectfully Submitted By:

_____*/s/ Peter L. Carr, IV*____

PETER L. CARR, IV
Attorneys for Plaintiff,

SANTIAGO DIAZ

## **DEMAND FOR JURY TRIAL**

    Plaintiffs hereby demand a trial by jury.

Dated: May 31, 2017

**SIAS | CARR, LLP**
Respectfully Submitted By:

_____*/s/ Peter L. Carr IV*_____

PETER L. CARR, IV
Attorneys for Plaintiff,

SANITAGO DIAZ
